United States District Court
Southern District of Texas
**ENTERED**
November 07, 2023
Nathan Ochsner, Clerk

IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF TEXAS
HOUSTON DIVISION

| | | |
|---|---|---|
| ALEJANDRO SANTOS, | § § | |
| Plaintiff, | § § | |
| v. | § § | CIVIL ACTION NO. H-22-4218 |
| UNITED STATES OF AMERICA, | § § | |
| Defendant. | § § | |

### MEMORANDUM OPINION AND ORDER

Alejandro Santos ("Plaintiff") filed this action against the United States of America ("the Government") for damages resulting from a collision with a United States Postal Service vehicle.[1] Pending before the court is the Government's Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Government's Motion to Dismiss") (Docket Entry No. 16). Prior to filing this action, Plaintiff filed an administrative Claim for Damage, Injury, or Death (Standard Form 95) ("the Administrative Claim") with the USPS.[2] After filing the Administrative Claim, Plaintiff was required to wait six months before filing his claim in federal

---

[1]Plaintiff's Original Complaint ("Complaint"), Docket Entry No. 1. For purposes of identification all page numbers reference the pagination imprinted at the top of the page by the court's Electronic Case Filing ("ECF") system.

[2]Administrative Claim, Exhibit 1 to Complaint, Docket Entry No. 1, p. 9.

court. Whether Plaintiff met this requirement depends on what date Plaintiff filed the Administrative Claim, which the parties dispute. For the reasons explained below, the Government's Motion to Dismiss will be granted, and this action will be dismissed without prejudice.

## I. Background

On November 22, 2020, Plaintiff was riding his bicycle when he collided with a moving USPS vehicle.[3] Plaintiff alleges that he sustained injuries from the collision.[4]

In early June of 2022 Plaintiff filed his Administrative Claim with the USPS seeking damages.[5] On July 8, 2022, Nathan Solomon — the USPS attorney responsible for reviewing the Administrative Claim — sent a letter to Plaintiff's attorney stating that the claim had been presented to the USPS on June 9, 2022.[6] The letter stated that "[f]ederal law mandates that 'an action shall not be

---

[3]Government's Motion to Dismiss, Docket Entry No. 16, pp. 1-2; Plaintiff's Response to Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Plaintiff's Response"), Docket Entry No. 18, p. 5.

[4]Complaint, Docket Entry No. 1, pp. 3-4 ¶ 4.1.

[5]Administrative Claim, Exhibit 1 to Complaint, Docket Entry No. 1, p. 9; Government's Motion to Dismiss, Docket Entry No. 16, p. 1 (claiming filing date of June 9, 2022); Plaintiff's Response, Docket Entry No. 18, pp. 11-12 (claiming receipt date of June 6, 2022).

[6]Declaration of Nathan T Solomon ("Solomon Decl."), Exhibit C to Government's Motion to Dismiss, Docket Entry No. 16-3, pp. 1-2 ¶ 4; July 8, 2022, Correspondence, Exhibit 2 to Solomon Decl., Docket Entry No. 16-3, p. 5.

instituted' unless the plaintiff has filed an administrative claim and either obtained a written denial or waited six months."[7]

Plaintiff filed this action on December 6, 2022.[8] On August 24, 2023, the Government filed the pending Motion to Dismiss.[9] The Government argues that the Administrative Claim was filed on June 9, 2022, that the Federal Tort Claims Act required Plaintiff to wait six months before filing an action, and that Plaintiff filed this action on December 6, 2022—less than six months after filing his Administrative Claim.[10] The Government argues that because Plaintiff did not satisfy this condition of the FTCA's sovereign immunity waiver, the court lacks subject matter jurisdiction.[11] Plaintiff filed his Response on September 14, 2023.[12] Plaintiff argues that his Administrative Claim was filed on June 6, 2022.[13] On September 21, 2023, the Government filed its Reply Memorandum in Support of Motion to Dismiss for Failure to Exhaust Administrative Remedies ("Government's Reply") (Docket Entry No. 19).

---

[7]July 8, 2022, Correspondence, Exhibit 2 to Solomon Decl., Docket Entry No. 16-3, p. 5 (quoting 28 U.S.C. § 2675(a)).

[8]Complaint, Docket Entry No. 1.

[9]Government's Motion to Dismiss, Docket Entry No. 16.

[10]Id. at 6.

[11]Id. at 6-7.

[12]Plaintiff's Response, Docket Entry No. 18.

[13]Id. at 11-12.

The parties agree that an administrative claim's filing date is the date it is received by the relevant agency, here, the USPS, specifically at the USPS National Tort Center ("the NTC"). In arguing that Plaintiff's Administrative Claim was filed on June 9, 2022, the Government cites Solomon's Declaration and the "Received" date stamped on the Administrative Claim. Solomon states that the Administrative Claim was received on June 9, 2022, that the NTC's practice is to date-stamp all mail on the day it is received, and that Plaintiff's Administrative Claim is date-stamped June 9, 2022.[14] The Government attaches the date-stamped Administrative Claim, which appears to say "RECEIVED JUN 09, 2022."[15] Plaintiff's Response attaches the Declaration of Nallely Ruiz — a legal assistant employed by Plaintiff's attorney.[16] Ruiz states that she mailed the Administrative Claim on June 2, 2022, and sought a return receipt for the mailing.[17] Ruiz references a summary of the USPS tracking information for the return receipt and states that it "showed that the return receipt was associated with the tracking

---

[14] Declaration of Nathan T Solomon ("Solomon Supplemental Decl."), Exhibit 1 to the Government's Reply, Docket Entry No. 19-1, p. 3 ¶ 9; Administrative Claim, Exhibit A to Solomon Supplemental Decl., Docket Entry No. 19-1, p. 4.

[15] Standard Form 95 (date stamped), Exhibit A to Solomon Supplemental Decl., Docket Entry No. 19-1, p. 4.

[16] Declaration of Nallely Ruiz ("Ruiz Decl."), Exhibit A to Plaintiff's Response, Docket Entry No. 18-1, p. 1 ¶ 3.

[17] Id. at 2 ¶ 6. A "return receipt" is an item mailed back to a package's sender to confirm delivery of the associated package.

number on June 6, 2022."[18] The Government's Reply attaches the USPS tracking information for the Administrative Claim itself, which lists "Accept or Pickup" and "Depart Post Office" on June 6, 2022, and "Available for Pickup" and "Delivered" on June 9, 2022.[19]

## II. Legal Standard

Federal Rule of Civil Procedure 12(b)(1) allows a party to challenge the court's subject matter jurisdiction over a case. Fed. R. Civ. P. 12(b)(1). "Sovereign immunity deprives the court of subject matter jurisdiction." Walker v. Beaumont Independent School District, 938 F.3d 724, 734 (5th Cir. 2019). "Lack of subject matter jurisdiction may be found in any one of three instances: (1) the complaint alone; (2) the complaint supplemented by undisputed facts evidenced in the record; or (3) the complaint supplemented by undisputed facts plus the court's resolution of disputed facts." Id. "When a defendant makes a factual attack, the plaintiff 'has the burden of proving by a preponderance of the evidence that the trial court does have subject matter jurisdiction.'" Kling v. Hebert, 60 F.4th 281, 284 (5th Cir. 2023)

---

[18]Id. at 3 ¶¶ 8-9. The tracking information attached to Ruiz's Declaration does not include the "associated" language she references, but the Government attaches a version that includes the event "Return Receipt Associated [on] June 6, 2022." See USPS Tracking Intranet Tracking Number Result, Exhibit B to Solomon Supplemental Decl., Docket Entry No. 19-1, pp. 6-7.

[19]USPS Tracking Intranet Tracking Number Result, Exhibit C to to Solomon Supplemental Decl., Docket Entry No. 19-1, pp. 8-9.

(quoting Paterson v. Weinberger, 644 F.2d 521, 523 (5th Cir. 1981)).

The Federal Tort Claims Act ("FTCA") waives sovereign immunity for claims of personal injury caused by the negligence of federal employees acting within the scope of their employment. 28 U.S.C. § 1346(b)(1). This waiver is subject to various exceptions and conditions. Id. One condition states:

> An action shall not be instituted upon a [negligence] claim against the United States . . . unless the claimant shall have first presented the claim to the appropriate Federal agency and his claim shall have been finally denied by the agency . . . The failure of an agency to make final disposition of a claim within six months after it is filed [counts as] a final denial . . .

28 U.S.C. § 2675(a). The parties agree that an administrative claim is filed for purposes of § 2675(a) on the date it is received by the relevant agency. See 28 C.F.R. § 14.2.[20]

### III. Analysis

The court only has subject matter jurisdiction over this case if the FTCA sovereign immunity waiver applies. The waiver only applies if Plaintiff filed this action at least six months after his Administrative Claim was filed. Because Plaintiff filed this action on December 6, 2022, the dispositive question is whether the Administrative Claim was received by the NTC by June 6, 2022. The parties offer competing evidence on this fact.

---

[20]Government's Motion to Dismiss, Docket Entry No. 16, p. 2 n.1; Plaintiff's Response, Docket Entry No. 18, pp. 5-6.

Ruiz testifies to a mailing date of June 2, 2022, and Solomon testifies to a receipt date of June 9, 2022. Solomon is in a position to know the receipt date directly, whereas Ruiz's testimony requires an assumption regarding transit time. Moreover, Solomon's testimony is supported by the other evidence. The Administrative Claim's stamp and its USPS tracking information both indicate receipt on June 9, 2022.

Plaintiff relies on the tracking information for the return receipt, arguing that a return receipt would not be "Associated" until the associated package was delivered. The only available evidence from which the court can infer the meaning of "Return Receipt Associated" are the words themselves. The court is unable to discern what, if anything, this phrase indicates about the location of the associated package. This evidence is much weaker than the USPS tracking information for the Administrative Claim itself, which directly lists the delivery date as June 9, 2022.

The preponderance of the evidence indicates that the Administrative Claim was received by the NTC on June 9, 2022. The Government's Motion to Dismiss will therefore be granted.

### IV. Conclusion and Order

Because Plaintiff did not comply with the timing requirement in 28 U.S.C. § 2675(a), the FTCA's sovereign immunity waiver does not apply to this action. The court therefore lacks subject matter jurisdiction. The Government's Motion to Dismiss for Failure to

Exhaust Administrative Remedies (Docket Entry No. 16) is **GRANTED**. This action will be dismissed without prejudice.

**SIGNED** at Houston, Texas, on this 7th day of November, 2023.

_____
SIM LAKE
SENIOR UNITED STATES DISTRICT JUDGE